UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALUEPART, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1605 |
| | § | |
| WILLIAM BERG, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Default Judgment against all defendants. Doc. 17. On July 21, 2014, Plaintiff Valuepart, Inc. ("Plaintiff") filed a consolidated Motion for Entry of Default and Motion for Default Judgment against Defendants All Tracks, LLC and William Berg, after Defendants failed to file answers to Plaintiff's Complaint in this case. Doc. 17. On July 30, 2014, this Court issued an Order for Entry of Default, without granting default judgment. Doc. 18. On September 15, 2014, the Court granted a request for expedited consideration of the Motion for Default Judgment.

Plaintiff seeks the following damages: (1) actual damages in the amount of $472,236.06; (2) pre-judgment interest at the rate of 6% up until the date final judgment is entered; (3) post-judgment interest at the rate of 11% from the date of judgment until paid; (4) attorneys' fees and expenses totaling $29,389.00; (5) costs of court; and (6) $10,000.00 in the event this case is appealed. Doc. 17.

In support of its request for actual damages, Plaintiff has attached invoices and billing records. As for interest, Plaintiff cites 28 U.S.C. § 1961 as authority for the requested post-judgment interest rate of 11%. The statute refers to the rate distributed by the Director of the Administrative Office of the United States Courts to all federal judges. The current rate posted

on the website of the Southern District of Texas is 0.25%. Plaintiff provides no authority for fees on appeal. As for attorneys' fees, Plaintiff has attached affidavits stating the requested sum and relatively high hourly rates up to $495 without explanation, merely reciting the *Johnson* factors. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). "The party seeking fees bears the burden of establishing the market rate and should present the court with evidence from which the court can determine the reasonableness of the proposed rate." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 389 (5th Cir. 2011). The applicant must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984). Generally in the Fifth Circuit the determination of a reasonable hourly rate for attorneys in a particular community is established by affidavits of other attorneys of similar caliber practicing in that community. *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir. 2002). Usually courts require the applicant to provide contemporaneous time or billing records or other documentation which the district court must examine to discern which hours are compensable and which are not. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323 (5th Cir. 1995); *see also Carroll v. Sanderson Farms, Inc.*, CIV.A. H-10-3108, 2014 WL 549380, at *6 (S.D. Tex. Feb. 11, 2014); *Serna v. Law Office of Joseph Onwuteaka, PC*, 4:11-CV-3034, 2014 WL 3749652, at *6 (S.D. Tex. July 29, 2014).

      After considering the pleadings, the papers on file in this case, and the evidence presented by Plaintiff, the Court is of the opinion that Plaintiff's Motion for Default Judgment Against Defendants All Tracks, LLC and William Berg should be partially granted. It is therefore,

**ORDERED** that Plaintiff's Motion for Default Judgment Against Defendants All Tracks, LLC and William Berg is **PARTIALLY GRANTED**,

**ORDERED** that the sum of $472,236.06 is a liquidated amount due and owing to Plaintiff Valuepart, Inc. by Defendants All Tracks, LLC and William Berg, and that Plaintiff Valuepart, Inc. is entitled to a judgment against Defendants All Tracks, LLC and William Berg as a matter of law.

**ORDERED** that Plaintiff shall submit to the Court a final calculation of damages requested including:

(1) the final amount of pre-judgment interest requested and how it was calculated, including applicable dates, number of days, and statutory rate (6%);

(2) the final amount of post-judgment interest and how it was calculated, including applicable dates, number of days, and the correct post-judgment interest rate posted by the Director of the Administrative Office of the United States Courts;

(3) sufficient evidence of the prevailing market rate and contemporaneous billing records supporting its request for attorneys' fees, including hours spent by which attorneys on what tasks.

SIGNED at Houston, Texas, this 9th day of January, 2015.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE